# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

JERRY LEE MAYS, )
)
      Petitioner, )
)
vs. ) Case No. 14-CV-113-TCK-TLW
)
TRACY McCOLLUM, Warden, )
)
      Respondent. )

## OPINION AND ORDER

On March 13, 2014, the Court received a document from Petitioner, a state inmate appearing pro se, titled "On Behalf of Order Declining Jurisdiction Motion to Precede [sic] in Light" (Dkt. # 1). In that document, Petitioner cited 28 U.S.C. § 2254 and Okla. Stat. tit. 22, § 1080, and wrote one paragraph, stating that "defendant is not requesting a post-conviction[,] defendant was asking The District Court to correct his illegal sentence which violates the Jeopardy provision both Oklahoma and United States Constitutions." Id. Based on Petitioner's representations, the Clerk of Court opened this 28 U.S.C. § 2254 habeas corpus action.

By Order filed April 8, 2014 (Dkt. # 2), the Court directed Petitioner to file an amended petition to cure deficiencies and to either pay the $5 filing fee or file a motion to proceed *in forma pauperis*. On April 28, 2014, Petitioner filed an amended petition (Dkt. # 5),[1] a supporting brief (Dkt. # 6), and supporting exhibits (Dkt. # 7). He also paid the $5 filing fee. See Dkt. # 8. For the reasons discussed below, the Court finds the amended petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

---

[1] The Court notes that the amended petition (Dkt. # 5) replaces and supersedes the original petition (Dkt. # 1). For that reason the original petition shall be declared moot.

In his amended petition, Petitioner challenges the constitutionality of his conviction and sentence entered in Tulsa County District Court, Case No. CF-2004-4929. Petitioner has in the past filed another habeas corpus action in this Court, N.D. Okla. Case No. 07-CV-671-GKF-PJC, challenging the same conviction and sentence at issue in this case. In the prior habeas case, the Court denied the petition by Opinion and Order entered March 21, 2011. In denying habeas relief, the Court substantively addressed federal grounds for setting aside Petitioner's state conviction. Judgment in favor of Respondent was entered on March 21, 2011. Petitioner appealed to the Tenth Circuit Court of Appeals. On October 14, 2011, the appellate court denied a certificate of appealability and dismissed the appeal. The docket sheet for Case No. 07-CV-671-GKF-PJC also reflects that on November 7, 2011, Petitioner filed a petition to file a successive petition for writ of habeas corpus at the Tenth Circuit. That petition was denied on November 21, 2011.

Petitioner's amended petition for writ of habeas corpus (Dkt. # 5) is not a model of clarity. However, he appears to allege that his sentences entered in Case No. CF-2004-4929 violate double jeopardy and that an unspecified Brady violation resulted in his convictions even though he claims to be actually innocent. As discussed above, the Court has previously determined, in N.D. Okla. Case No. 07-CV-671-GKF-PJC, the legality of Petitioner's detention. Therefore, the amended petition filed in this case is Petitioner's second habeas petition and he was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition. 28 U.S.C. § 2244(b)(3)(A); see also Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013). Petitioner does not allege and nothing in the record suggests that he obtained the necessary authorization prior to commencing this action. As a result, this Court lacks jurisdiction to consider Petitioner's second or successive filing. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Cline, 531 F.3d at 1252. The court in Cline discussed factors to be considered in determining whether a transfer is in the interest of justice. See id.

Upon consideration of the appropriate factors, the Court finds that a transfer of the amended petition to the court of appeals for authorization under § 2244(b)(3) is not warranted. Therefore, the amended petition shall be dismissed for lack of jurisdiction.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The original petition for writ of habeas corpus (Dkt. # 1) is **declared moot**.

2. The amended petition for writ of habeas corpus (Dkt. # 5) is **dismissed without prejudice** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

3. A separate judgment shall be entered in this matter.

**DATED** this 30th day of April, 2014.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**